FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ MAR 23 2012
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ALLAN CAMERON,

       Petitioner,

  - against -

JOSEPH T. SMITH,

       Respondent.
------------------------------------------------------------X

**MEMORANDUM
DECISION AND ORDER**

11 Civ. 5100 (BMC)

**COGAN**, District Judge.

  By Memorandum Decision and Order dated December 21, 2011 (the "December 21st Decision"), see Cameron v. Smith, No. 11 Civ. 5100, 2011 WL 6708790 (E.D.N.Y. Dec. 21, 2011), I rejected the claims raised by petitioner in his habeas corpus petition under 28 U.S.C. § 2254, except for the following: from Point I of the petition, that the police constructively arrested petitioner without a warrant in an apartment by coercing or threatening him to come out into the hall, thus rendering his statements inadmissible under Payton v. New York, 445 U.S. 573, 100 S. Ct. 1371 (1980); and from Point II of the petition, that (1) when petitioner moved for a pretrial hearing to suppress his statements on the ground that they were obtained after the police arrested him without probable cause, the motions court improperly denied that portion of his motion without a hearing; and (2) that when new facts emerged at trial showing that there was no probable cause for his arrest, his trial counsel was ineffective for not renewing his motion to suppress the statements on that ground.

  As to the Payton claim, the December 21st Decision opined that the claim appeared to be unreviewable on habeas corpus pursuant to Stone v. Powell, 428 U.S. 465, 494, 96 S. Ct. 3037

(1976). However, because petitioner had not addressed this issue, I gave him an opportunity to do so. I also ordered additional submissions from both sides on Point II of the petition. Both sides have made these submissions.

Although familiarity with the facts of this case as set forth in the December 21st Decision is assumed, additional facts that pertain only to Point II are discussed below to the extent necessary.

## I. Petitioner's Payton Claim

The December 21st Decision explained why Stone v. Powell appeared to preclude review of petitioner's Payton claim. In response, petitioner correctly asserts that Stone v. Powell does not preclude review of a Fourth Amendment challenge if there was an "unconscionable breakdown" in the state court process for determining Fourth Amendment claims. See Gates v. Henderson, 568 F.2d 830, 840 (2d Cir. 1977) (en banc). However, petitioner's submission then confuses the issue. He claims that the Court did not conduct a hearing as to whether the police had improperly coerced him out of his girlfriend's apartment in order to effect a warrantless arrest, and therefore such a breakdown occurred. That is incorrect. As the December 21st Decision discussed, the trial court conducted a full evidentiary Payton hearing with live testimony pretrial, and denied his Payton motion on the merits in a lengthy, reasoned decision.

What petitioner is actually referring to is not the absence of a Payton hearing, but the absence of a Dunaway hearing. Petitioner raises that claim in part of Point II of his petition when he asserts that there was no probable cause for his arrest and that the trial court improperly denied him a hearing as to whether his post-arrest statements should have been suppressed on that basis. In other words, petitioner raised two distinct claims: (1) whether the police constructively arrested him in a residence without a warrant (Payton); and (2) whether the trial

2

court erred in not granting him a <u>Dunaway</u> hearing because, under all the facts known to the police, there was no probable cause to arrest him whether he was inside the residence or not.

Dealing only with the <u>Payton</u> issue, petitioner's claim is denied under <u>Stone v. Powell</u> for the reasons stated in the December 21st Decision. The only ground petitioner now offers for avoiding that result is an "unconscionable breakdown" in the process. However, there was no unconscionable breakdown. Petitioner received a full hearing with all the protections that the law required.

## II. <u>Dunaway</u> Hearing Claims

Petitioner asserts two claims as a result of the fact that he never received a <u>Dunaway</u> hearing, which I address in turn below.

### A. The denial of petitioner's motion for a <u>Dunaway</u> hearing

Petitioner's first <u>Dunaway</u> claim arises from his pretrial omnibus motion to suppress his post-arrest statements on various grounds. As noted above and in the December 21st Decision, the motions court granted petitioner an evidentiary hearing on all of the issues he raised except his request for a "<u>Dunaway</u>" hearing, <u>i.e.</u>, his claim that his post-arrest statements should be suppressed because there was no probable cause for his arrest under the circumstances known to the police. See <u>Dunaway v. New York</u>, 442 U.S. 200, 216-18, 99 S. Ct. 2248 (1979). That portion of his motion was supported only by an attorney's affidavit, which conclusorily alleged that at the time of the shooting, petitioner was "acting in a lawful manner." In contrast to this bare assertion, the prosecution had provided petitioner with the felony complaint from the investigating detective together with other documents setting forth many of the facts leading to petitioner's arrest. The motions court denied the motion without a hearing on the ground that petitioner "has not set forth sufficient facts to entitle him to a hearing."

3

Petitioner contends that the denial of an evidentiary hearing was improper. Respondent's rejoinder is that this challenge, like petitioner's Payton claim, is foreclosed from review by Stone v. Powell. Petitioner replies that the failure to hold a hearing was the kind of "unconscionable breakdown" in the state court process that permits review despite Stone v. Powell. I agree with petitioner that Stone v. Powell does not preclude review here, but not because of an unconscionable breakdown in the state court process. Although it is a fine technical point, Stone v. Powell does not apply because petitioner never raised a Fourth Amendment claim in the Appellate Division. Instead, he asserted only a due process claim as a result of the denial of a hearing.

Although petitioner's omnibus motion sought suppression of petitioner's statements as the relief that would follow a Dunaway hearing, the point petitioner raised on appeal was the denial of the hearing, not the failure to suppress the statements. His appellate brief is clear on this point: "As a result [of the denial of a hearing], appellant was denied his rights to due process . . . ." Petitioner's appellate counsel was correct in characterizing this as a due process issue, not a Fourth Amendment issue. Moreover, the Appellate Division interpreted and ruled on the argument as concerning due process, affirming the lower court's denial of a Dunaway hearing on the grounds that petitioner's "factual allegations were insufficient to support his claim that the police lacked probable cause to arrest him," and relying on New York C.P.L.R. § 710.60(1). See People v. Cameron, 74 A.D.3d 1223, 1224, 9805 N.Y.S.2d 619, 620 (2d Dep't 2010) (citations omitted). C.P.L.R. § 710.60 is the procedural vehicle that sets forth when a motions court should conduct an evidentiary hearing; it does not address the substantive grounds for suppression under the Fourth Amendment. Because reliance on that statute presents a due process issue, Stone v. Powell does not preclude habeas corpus review.

4

No doubt, there is an overlap between the preclusive effect of Stone v. Powell in the Fourth Amendment context and due process considerations. The exceptions to Stone v. Powell – that "the state provides no corrective procedures at all to redress Fourth Amendment violations," or "the state provides the process but in fact the defendant is precluded from utilizing it by reason of an unconscionable breakdown in that process," Gates, 568 F.2d at 840 – are essentially due process exceptions. See Cappiello v. Hoke, 698 F. Supp. 1042, 1050 (E.D.N.Y. 1988), aff'd, 852 F.2d 59 (2d Cir. 1988) ("In short, an unconscionable breakdown in the state's process must be one that calls into serious question whether a conviction is obtained pursuant to those fundamental notions of due process that are at the heart of a civilized society."). Nevertheless, when a habeas petitioner complains on direct appeal not that a hearing court reached an incorrect conclusion on the Fourth Amendment issue, but that he was denied an evidentiary hearing in violation of his due process rights, I do not believe that a habeas court should reflexively invoke Stone v. Powell to deny review of that claim.

Because the Appellate Division rejected petitioner's due process claim by holding that the motion court had not improperly denied petitioner a hearing, my review is limited to whether its decision was contrary to or an unreasonable application of Supreme Court authority. See 28 U.S.C. § 2254(d); Cameron, 2011 WL 6708790, at *3. It was clearly neither. New York law and federal law are in accord that when a defendant does not challenge probable cause except with a conclusory assertion by his attorney that he "acted lawfully," no evidentiary hearing is required. See N.Y.C.P.L.R. § 710.60(1), (3); United States v. Pena, 961 F.2d 333, 339 (2d Cir. 1992) (evidentiary hearing "ordinarily is required if the moving papers are sufficiently definite, specific, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question") (internal quotation marks omitted); United States v.

Fruchter, 104 F. Supp. 2d 289, 308 (S.D.N.Y. 2000) ("A motion to suppress does not require a hearing unless there is a factual dispute."). Thus:

> [a] defendant seeking the suppression of evidence is not automatically entitled to an evidentiary hearing on the claim, but must make a preliminary showing of facts which, if proved would require the granting of relief. To meet that burden a defendant must, at a minimum, present his or her claim through an affidavit of an individual with personal knowledge of the relevant facts. Such an affidavit must contain allegations that are 'definite, specific, detailed and nonconjectural.'

United States v. Longo, 70 F. Supp. 2d 225, 248 (W.D.N.Y. 1999) (citations omitted). Due process is satisfied by the opportunity to make a submission to a motions court and have it considered and ruled upon.

Although the threshold for triggering the right to a suppression hearing is not onerous and, in some contexts, may consist of sworn, flat-out denials of essential facts, see United States v. Mathurin, 148 F.3d 68, 69 (2d Cir. 1998), the Appellate Division did not violate or unreasonably apply Supreme Court precedent in determining that petitioner was not entitled to a hearing in this case as a matter of due process. See United States v. Culotta, 413 F.2d 1343, 1345 (2d Cir. 1969). State law required "sworn allegations of fact, whether of the defendant or of another person," and permitted summary denial of the motion if "[t]he sworn allegations of fact do not as a matter of law support the ground [for suppression] alleged." N.Y.C.P.L.R § 710.60(1), (3). Here, there was no sworn submission from anyone other than petitioner's attorney, and it contained no facts, just a conclusion that petitioner was "acting in a lawful manner." The Appellate Division's rejection of petitioner's claim that a hearing should have been held does not warrant federal habeas relief.[1]

---

[1] Even if viewed as a Fourth Amendment claim, petitioner would not be entitled to relief. First, because petitioner framed his claim on direct appeal as a due process claim, any Fourth Amendment challenge would be unexhausted but deemed procedurally barred, as there is no vehicle by which he could now raise this Fourth Amendment claim in state court. See Acosta v. Artuz, 575 F.3d 177, 188 (2d Cir. 2009). Second, even if his claim on appeal was deemed to be a Fourth Amendment claim, Stone v. Powell would preclude its review here. Under the cases cited above, it is

## B. Ineffective assistance of counsel

Petitioner also claims that his counsel was constitutionally ineffective for failing to renew his pretrial motion for a Dunaway hearing during trial. To summarize the facts set forth in the December 21st Decision, the crime at issue occurred during a high speed chase when shots were fired from petitioner's car and one of the two police officers in pursuit was killed. Petitioner's point is that during pretrial discovery, he was led to believe that either the surviving police officer or some other witness would place him in the car at the time of the shooting. However, at trial, it became clear that there was no witness who could do so. Petitioner contends that because of the absence of such a witness, it became apparent that there was no probable cause to arrest him, and that his attorney was ineffective for not renewing his motion for a Dunaway hearing at that time. His attorney's failure to make the motion was particularly prejudicial, he contends, because his own post-arrest statements were the only evidence that placed him in the car during the chase. Thus, invalidation of the arrest and exclusion of the statements might well have led to a different result.

The Appellate Division summarily rejected this claim on the merits. See Cameron, 74 A.D.3d at 1224, 905 N.Y.S.2d at 621. My review is therefore limited to a determination of whether the Appellate Division's decision is contrary to or an unreasonable application of Supreme Court precedent. See 28 U.S.C. § 2254(d); Cameron, 2011 WL 6708790, at *3.

In determining an ineffective assistance of counsel claim, the familiar Supreme Court precedent is the two-part inquiry set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984). First, a petitioner must show that his "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. Second, petitioner "must

---

not an "unconscionable breakdown" to require a specific evidentiary showing to trigger the right to a hearing on a Fourth Amendment claim, as such a showing is required under both state and federal law.

7

show that the deficient performance prejudiced the defense." Id. at 687. This means that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. When state courts have "summarily rejected" an ineffective assistance of counsel claim on the merits, as was the case here, a district court considering that claim on habeas review should "turn directly to the facts of the case to determine whether Strickland was applied unreasonably." Cox v. Donnelly, 387 F.3d 193, 197 (2d Cir. 2004). In such a situation, a district court's inquiry "must focus on the ultimate decisions of those courts, rather than on the courts' reasoning." Davis v. Greiner, 428 F.3d 81, 88 (2d Cir. 2005) (internal quotation marks omitted).

I need not reach the "objective reasonableness" criteria of Strickland here, because petitioner's ineffective assistance claim fails to demonstrate prejudice as a result of his counsel's non-renewal of the Dunaway motion for two reasons. First, accepting *arguendo* petitioner's assumption that the police had no facts upon which to base his arrest other than that a car registered to him was used in the shooting of a police officer, those facts in and of themselves may have been sufficient to constitute probable cause. See, e.g., Randle v. Rakiecki, No. 08-CV-579A, 2009 WL 4571822 (W.D.N.Y. Dec. 7, 2009) (police knowledge that car had been used in a crime furnished probable cause to arrest the owner of the car). Moreover, the police had far more information on which to base a probable cause determination than petitioner acknowledges: (1) the car was found shortly after the shooting in a garage where the police knew petitioner parked; (2) the garage was near the location where the shooting occurred; (3) although the surviving officer could not identify petitioner's face, he had observed the skin color of the shooter's hand during the chase when the shots were fired, which matched that of petitioner; (4) the police knew that petitioner had used his cell phone to call his girlfriend fifteen minutes after

8

the shooting, and his girlfriend's apartment faced the back of the garage where they found petitioner's car; and (5) petitioner was found inside his girlfriend's apartment.

Second, even if trial counsel had renewed his Dunaway motion and he had been successful in having petitioner's post-arrest statements suppressed, there still was substantial evidence of guilt. A handgun consistent with the gun used to kill the police officer was found behind his girlfriend's apartment; the shell casings found in petitioner's car matched this gun; his girlfriend testified that he had her throw an ammunition magazine from the gun out her window after she wiped his fingerprints from it (which was also consistent with the gun in question); and gunshot primer residue was found on a baby wipe in her apartment, as well as on a latex glove found on her bedroom floor, which also contained petitioner's DNA.

Based on all the facts, it would not have been an unreasonable application of Strickland for the Appellate Division to determine that petitioner suffered no prejudice as a result of his trial counsel's non-renewal of the Dunaway motion. Habeas relief is therefore not warranted here.

## CONCLUSION

For the reasons set forth above and in this Court's December 21, 2011 Decision, the petition is denied and the case is dismissed. The Clerk is directed to enter judgment against petitioner. A certificate of appealability shall not issue. See 28 U.S.C. § 2253(c). Further, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be

taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917 (1962).

**SO ORDERED.**

/s/ _____
U.S.D.J.

Dated: Brooklyn, New York
       March 22, 2012